FILED
John E. Triplett, Acting Clerk
United States District Court

*By mgarcia at 4:17 pm, Nov 24, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JAMES EDWARD LEWIS, | |
| Plaintiff, | CIVIL ACTION NO.: 2:19-cv-79 |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, 28 U.S.C. § 1331, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants in their official capacities and Plaintiff's FTCA claims against all Defendants except Defendant United States and **DENY** Plaintiff's claims for injunctive relief.[1]  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order:

1.  Plaintiff's FTCA claims for medical malpractice and negligence against Defendant United States;

---

[1] Additionally, I **DIRECT** the Clerk of Court to remove Defendant Deleon from the caption of this case because it appears Plaintiff did not intend to name him as a Defendant.  See Doc. 1 at 9 ("Deleon is mentioned for chronological purposes in the Bivens/he's NOT a CLAIM UNDER THE BIVENs Act.") (emphasis in the original); Id. at 2.

2. Plaintiff's FTCA claims for intentional infliction of emotional distress against Defendant United States;

3. Plaintiff's deliberate indifference claim to serious medical needs against Defendants Allen, Bolaji, Forsyth, and Martin; and

4. Plaintiff's retaliation claims against Defendants Allen, Mrs. Fanton, and Lieutenant Fanton.

## PLAINTIFF'S CLAIMS[2]

Plaintiff advances claims arising under both the FTCA and Bivens. Under the FTCA, Plaintiff sues Defendant United States and Defendants Allen, Bolaji, Forsyth, and Martin in their official and individual capacities for medical malpractice and negligence. Doc. 1 at 2. Plaintiff alleges he had a leg ulcer, as well as other medical conditions, which Defendants, as employees of the United States, did not care for properly. Id. at 2, 3–6. Further, he sues Defendant United States and Defendants Allen, Bolaji, Forsyth, and Martin in their official and individual capacities for intentional infliction of emotional distress due to the harassment he suffered from Defendants as employees of the United States. Id. at 6. Plaintiff seeks compensatory damages in the amount of $1.5 million for his FTCA claims. Id. at 15.

Plaintiff brings several claims under Bivens. First, Plaintiff asserts a claim for deliberate indifference to serious medical needs based on Deleon and Defendants Allen, Bolaji, Forsyth, and Martin's treatment, or lack thereof, of his ulcer. Id. at 7. Deleon and Defendants Allen, Bolaji, Forsyth, and Martin ignored his need for a bottom bunk and proper medical treatment and confiscated medical supplies, which led to an infection in Plaintiff's leg. Id. at 7–9.

---

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Additionally, Plaintiff asserts a claim for retaliation in violation of his First Amendment rights against Defendants Allen, Mrs. Fanton, and Lieutenant Fanton. Id. at 11. When Plaintiff informed Defendant Allen that his leg ulcer required him to be assigned a bottom bunk, Defendant Allen locked him in a shower and then placed him in solitary confinement. Id. at 11–12. Plaintiff also brings retaliation claims against Defendants Mrs. Fanton and Lieutenant Fanton. Id. at 13. After filing his grievance for lack of medical care, Defendant Mrs. Fanton refused to provide him with medical treatment for filing a grievance against other employees. Id. at 13. Later, Defendant Lieutenant Fanton (Defendant Mrs. Fanton's husband) called Plaintiff to his office and threatened to put Plaintiff in solitary confinement for complaining about her co-workers. Id. at 14. For his Bivens claim, Plaintiff seeks both monetary and injunctive relief. Id. at 18–20.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

3

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.   Official Capacity Claims

Plaintiff brings this action pursuant to Bivens.  "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enf't Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)).  "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit,' and '[t]he terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. (quoting JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000)).  There being no plausible allegation that the federal government waived its immunity from suit, Plaintiff cannot sustain any constitutional claims for monetary relief against Defendants in their official capacities.  The Court should **DISMISS** these claims.

4

**II.    FTCA Claims**

Plaintiff has brought FTCA claims against Defendant United States, as well as Defendants Allen, Bolaji, Forsyth, and Martin.  The FTCA is a limited waiver of the federal government's sovereign immunity that permits private parties to bring suit in federal court against the United States for injuries resulting from the tortious conduct of persons acting on behalf of the United States.  28 U.S.C. §§ 1346(b)(1) & 2674; see also Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217–18 (2005) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees.").  Here, along with the United States, who is a proper defendant in an FTCA action, Plaintiff sues several other individuals.  § 1346(b)(1).  In an FTCA action, the only proper defendant is the United States.  28 U.S.C. § 2679.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's FTCA claims against Defendants Allen, Bolaji, Forsyth, and Martin.

**III.   Claims for Injunctive Relief**

Plaintiff seeks preliminary injunctive relief in the form of medical treatment for his leg and foot ulcers.[3]  Doc. 1 at 18–19.  He also submits a memo in support of his preliminary injunction.  Doc. 1-7.

To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to

---

[3]    It is unclear whether Plaintiff seeks this injunctive relief against Defendants in their official or individual capacities.  There is some question as to whether Bivens creates a cause of action for injunctive relief against Defendants in their official capacities.  See, e.g., Vieux v. Fed. Bureau of Prisons, No. 1:12-CV-00017, 2016 WL 4070138, at *3 (N.D. Ala. July 29, 2016) (holding a plaintiff may bring a Bivens action for prospective injunctive relief but deciding to "leave for another day the question of whether such a claim should be asserted against a federal actor as an official capacity claim or as an individual capacity claim[]").  Nevertheless, it is unnecessary to answer whether Plaintiff's claim for injunctive relief is against Defendants in their individual or official capacities because Plaintiff fails to demonstrate a likelihood of success on the merits, as discussed in the body of this Report.

5

prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). An "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001). If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Alabama, 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and a less intrusive equitable remedy was available).

The Eighth Amendment forbids "deliberate indifference to serious medical needs of prisoners." Hairston v. Negron, 557 F. App'x 884, 891 (11th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Id. (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). First, a plaintiff

6

must show that he had an objectively serious medical need.  Id.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Id. (internal quotation marks omitted).  In either situation, the need must be "one that, if left unattended, poses a substantial risk of serious harm."  Id. (internal quotation marks omitted and alterations adopted).

Second, a plaintiff must demonstrate the defendant acted with deliberate indifference to this serious medical need.  Id.  Deliberate indifference involves three components, specifically: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence."  Townsend v. Jefferson County, 601 F.3d 1152, 1158 (11th Cir. 2010) (internal quotation marks omitted and alterations adopted).

Conduct that rises to the level of deliberate indifference includes, *inter alia*, grossly inadequate care and a delay in treatment.  McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).  However, a mere difference in medical opinion between the inmate and the care provider does not constitute deliberate indifference.  Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).  Neither does "[m]ere medical malpractice."  Id.  Moreover, to prevail on a Bivens claim alleging deliberate indifference to a serious medical need, a plaintiff must show causation between the defendant's deliberate indifference and his injury.  Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010).

Here, Plaintiff has not demonstrated a likelihood of success on the merits, and thus, Plaintiff has not shown he has satisfied the prerequisites in order to be entitled to injunctive relief at this time.  Horton, 272 F.3d at 1326 (stating a preliminary injunction should not be granted "unless the movant clearly established the 'burden of persuasion' as to the four requisites").  This

7

is not to say Plaintiff will not eventually be able to obtain injunctive relief, merely that the Court will not interfere at this time on the facts before it.  Accordingly, the Court should **DENY** Plaintiff's request for injunctive relief.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants in their official capacities and Plaintiff's FTCA claims against all Defendants except Defendant United States and **DENY** Plaintiff's claims for injunctive relief.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order:

1. Plaintiff's FTCA claims for medical malpractice and negligence against Defendant United States;

2. Plaintiff's FTCA claims for intentional infliction of emotional distress against Defendant United States;

3. Plaintiff's deliberate indifference claim to serious medical needs against Defendants Allen, Bolaji, Forsyth, and Martin; and

4. Plaintiff's retaliation claims against Defendants Allen, Mrs. Fanton, and Lieutenant Fanton.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a

party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA