# In the United States District Court for the Southern District of Georgia Brunswick Division

| | | |
|---|---|---|
| JAMES EDWARD LEWIS, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:19-cv-79 |
| v. | * | |
| UNITED STATES OF AMERICA, et al., | * | |
| Defendants. | * | |

### ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated November 24, 2020. Dkt No. 20. In the Report, the Magistrate Judge recommended the Court dismiss Plaintiff's claims against Defendants in their official capacities, dismiss Plaintiff's Federal Tort Claims Act ("FTCA") claims against all Defendants except Defendant United States, and deny Plaintiff's claim for injunctive relief. Dkt. No. 14, p. 1. Additionally, the Magistrate Judge directed the Clerk of Court to remove Defendant Deleon from the caption of the case because it appeared Plaintiff did not intend to name him as a Defendant. Id. at n.1. However, Plaintiff was permitted to proceed with the following claims: FTCA claim for medical malpractice and

negligence against Defendant United States; FTCA claims for intentional infliction of emotional distress against Defendant United States; deliberate indifference to serious medical needs claims against Defendants Allen, Bolaji, Forsyth, and Martin; and retaliation claims against Defendants Allen, Mrs. Fanton, and Lieutenant Fanton.  Id. at pp. 1-2.

In his Objections to the Report, Plaintiff appears to object to several claims on which the Magistrate Judge permitted Plaintiff to proceed.  Specifically, in objection numbered 1, 4, 5, under the section addressing his FTCA claims, Plaintiff objects to claims for which the Court ordered service of Plaintiff's Complaint.[1]  Dkt. No. 20, pp. 1-3.  Additionally, objection number 3 simply seeks to more specifically describe the medical injury Plaintiff suffered.  These objections are without merit and are **OVERRULED**.

In objection number 2, Plaintiff asserts Defendant Deleon should not have been dismissed.  Id. at p. 2.  Plaintiff now argues Defendant Deleon should be served and Plaintiff should be allowed to proceed on his Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Deleon.  Id.  In his Complaint, Plaintiff explains Defendant Deleon was

---

[1]   If Plaintiff wishes to dismiss claims against Defendants, he is free to do so by filing a notice of dismissal.  However, the Court finds no error with the Magistrate Judge's findings and Plaintiff may proceed on the claims, as outlined in the Report and service Order.

2

aware of his condition and failed to provide him with his prescribed medication or otherwise treat Plaintiff. Dkt. No. 1, pp. 4-5, 9. Though Plaintiff initially appeared to not want to pursue an Eighth Amendment claim against Defendant Deleon, he now asserts he intends to pursue a claim against Defendant Deleon. Thus, the Court **SUSTAINS** Plaintiff's Objection to the dismissal of Defendant Deleon. Plaintiff is permitted to proceed against Defendant Deleon on his Eighth Amendment deliberate indifference to a serious medical needs claim. The Clerk of Court is directed to add Defendant Deleon to the caption of the case.

Additionally, Plaintiff filed objections to the Magistrate Judge's recommendations regarding his Bivens claims. Like Plaintiff's objections to the Magistrate Judge's recommendations on Plaintiff's FTCA claims, several objections appear to be to claims the Court allowed to proceed. Dkt. No. 20, pp. 4-5. Specifically, objections numbered 1 and 2 relate to claims Plaintiff is permitted to proceed on and, thus, his objections are without merit and are **OVERRULED**.

Finally, Plaintiff objects to the Magistrate Judge's recommendation denying his request for preliminary injunctive relief. Id. at p. 5. Plaintiff clarifies for the Court he is seeking injunctive relief against Defendants in their individual capacities. Id. As the Magistrate Judge explained, whether

3

Plaintiff proceeds against Defendants in their official or individual capacities, he failed to demonstrate a likelihood of success on the merits. Dkt. No. 14, p. 7. Though Plaintiff's objection clarifies whether he sought preliminary injunctive relief against Defendants in their individual or official capacities, he does not cure the fatal defect the Magistrate Judge identified. That is, Plaintiff still does not demonstrate he is likely to succeed on the merits. Accordingly, the Court **OVERRULES** Plaintiff's objection.

After an independent and de novo review of the entire record, the Court **CONCURS in part** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES in part** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's official capacity claims against Defendants for monetary damages and dismisses Plaintiff's FTCA claims against all Defendants except Defendant United States. Further, the Court **DENIES** Plaintiff's claim for preliminary injunctive relief. However, the Court **SUSTAINS** Plaintiff's objection regarding the dismissal of Defendant Deleon for an Eighth Amendment deliberate indifference to a serious medical need claim and **DIRECTS** the Magistrate Judge to order service on Defendant Deleon, serving him with Plaintiff's Complaint, the Report and Recommendation, Plaintiff's Objections

to the Magistrate Judge's Report and Recommendation, and a copy of this Order.

  **SO ORDERED**, this \_\_\_26\_\_\_ day of \_\_\_January\_\_\_, 2021.

          _____
          HON. LISA GODBEY WOOD, JUDGE
          UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)